**Opinion filed July 16 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00112-CV

_____

## IN THE INTEREST OF A.V. AND B.L., CHILDREN

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. 25-047-DCFAM-00032**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the mother[1] to her children, A.V. and B.L.[2]  *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2025).  We affirm.

---

[1]The trial court also terminated the parental rights of B.L.'s father and A.V.'s alleged father.  Only the mother appealed.

[2]To protect the identities of the children and the children's family members, we use pseudonyms or initials to refer to them.  *See* TEX. R. APP. P. 9.8(b).

After a final termination hearing, the trial court found by clear and convincing evidence that the mother, Appellant, executed an irrevocable affidavit of voluntary relinquishment of her parental rights, and that termination of the mother's parental rights was in the best interest of the children. *See id.* § 161.001(b)(1)(K), (b)(2), § 161.103. Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel states that she professionally and conscientiously examined the record and applicable law and concludes that there are no meritorious grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and copies of the clerk's and reporter's records. Counsel also advised Appellant of her right to: (1) object to counsel's motion to withdraw; (2) review the record; (3) file a pro se response to counsel's brief; and (4) file a petition for review. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant, proceeding pro se, filed a response to counsel's *Anders* brief in which she contends that she executed an affidavit of voluntary relinquishment of parental rights because she "was manipulated through fear, pressure, and false hope" and that she "might possibly regain custody within two years if [the children] were not adopted." In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so, issue an opinion explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause

2

to the trial court to appoint new appellate counsel to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, which establishes that Appellant executed an irrevocable affidavit voluntarily relinquishing her parental rights to A.V. and B.L. When a termination order is based on an unrevoked affidavit of relinquishment of parental rights, appellate review is limited "to issues relating to fraud, duress, or coercion in the execution of the affidavit." FAM. 161.211(c) (West 2022). A parent who contests an affidavit that meets the requirements of Section 161.103 of the Family Code has the burden to prove by a preponderance of the evidence that the affidavit was executed as a result of fraud, duress, or coercion. *In re A.R.M.K.*, 588 S.W.3d 692, 699 (Tex. App.—Amarillo 2019, no pet.) ("An affidavit of relinquishment that meets the requirements of section 161.103 of the Family Code is prima facie evidence of its validity."). Here, Appellant's affidavit complied with Section 161.103[3] and was admitted without objection at the final hearing. *See* FAM. § 161.103(a)–(c); *A.R.M.K.*, 588 S.W.3d at 699. Appellant did not file a motion for new trial wherein she developed a record supporting a potential claim that she executed the affidavit of voluntary relinquishment as a result of fraud, duress, or coercion.

Upon review of the record, we agree with counsel that Appellant failed to prove by a preponderance of the evidence that the affidavit was executed as a result of fraud, duress, or coercion. FAM. 161.211(c); *A.R.M.K.*, 588 S.W.3d at 699. We have likewise found no other nonfrivolous issues and therefore conclude that the

---

[3]We note that the affidavit includes a handwritten provision for post-termination contact between the children and Appellant "while the children are in [the Department's] care." There is no indication in the record—nor does Appellant claim in her pro se response—that relinquishing her parental rights was conditioned upon post-termination visitation as prohibited by Section 161.103(h). FAM. 161.103(h).

appeal is without merit.  *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Although we agree with appellate counsel's conclusion on the merits, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances that are presented in this case.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature.").  The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals."  *Id.*; *see* FAM. § 107.016(2).  In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *P.M.*, 520 S.W.3d at 27–28.

Accordingly, we deny counsel's motion to withdraw, and we affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 16, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4